UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER L. KELLY,

    *Plaintiff*,

v.

PNC BANK, N.A.; THE PNC
FINANCIAL SERVICES GROUP, INC.;
SMALL BUSINESS ADMINISTRATION;
and PAUL F. BEGGS,

    *Defendants*.
_____/

CASE NO. 15-cv-10721

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS
(Doc. 5)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED.**

**II.    REPORT**

    **A.    Introduction**

Plaintiff Roger L. Kelly initially filed his *pro se* complaint in the Saginaw County Circuit Court, but the case was removed to this federal court on February 26, 2015. (Doc. 1.) On March 25, 2015, the case was referred to the undersigned magistrate judge. (Doc. 6.)

Defendant Small Business Administration ("SBA") filed the instant motion to dismiss on March 24, 2015. (Doc. 5.) Plaintiff responded on April 1, 2015, pursuant to the Court's order (Docs. 7, 8), and Defendant SBA replied on April 6, 2015. (Doc. 9.) Plaintiff also filed an unlabeled sur-reply. (Doc. 10.) I therefore suggest that the motion is ready for report and recommendation without oral argument pursuant to E.D. Mich. LR 7.1(f)(1).

**B.     Motion Standards**

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

**C.     Complaint**

The Complaint alleges that Mr. Oczepek approached Plaintiff about buying a convenience store together, with Plaintiff providing the monetary funds that Mr. Oczepek lacked. (Doc. 1 at ID 6.) Plaintiff and his wife signed a loan contract with National City, through an SBA program, to obtain funds to use for purchasing the convenience store. (Doc. 1 at ID 7.) The loan used Plaintiff and his wife's home as collateral, and a $15,000 line of credit was extended to Plaintiff through the SBA. (Doc. 1 at ID 9.) A few months later, Mr. Oczepek "became disillusioned and requested that national City release him from his mortgage responsibilities." (*Id*.) According to Plaintiff, loan officers secretly told Mr. Oczepek that he could be "released [from his obligation] if he paid off ½ of one of the loans ($40,000)." (Doc. 1 at ID 7.) Mr. Oczepek then removed money from a jointly held bank account to attempt to make this payment over Plaintiff's protests with Defendant National City to close the account, loan Plaintiff enough money to buy out Mr. Oczepek, or accept another property in an effort to avoid foreclosure on Plaintiff's home. (Doc. 1 at ID 7-8.) Plaintiff was driven to "desperate actions," and a "physical fight instigated by Mr. Oczepek led to his death." (Doc. 1 at ID 8.) Plaintiff is currently incarcerated for his having won the fight.

The Complaint sets forth the following claims: (1) breach of contract; (2) tortious interference with an existing contractual relation; (3) tortious interference with a business relationship; (4) conspiracy to injure business relations; (5) conspiracy to interfere with, or procure breach of contract; and (6) civil conspiracy, referencing only Defendant PNC Bank, N.A. (Doc. 1 at ID 6.) Plaintiff's factual averments reference "Frank Kuczak," "James Oczepek," "Lasalle Bank," "Chemical bank," "National City Bank,""Connie Tripp," Angela Hales," and "Cynthia Phares." (Doc. 1 at ID 6-8.) The SBA is mentioned only when Plaintiff contends that he "relied on National City Bank of the Midwest, and the Small Business Administration's promise to perform their fiduciary duties." (Doc. 1 at ID 8.) Plaintiff then lists "incidents of tortious conduct by defendants, independent of the breach of contract." (Doc. 1 at ID 8-10.) Defendant SBA is mentioned only twice: "I attempted to obtain the bank and SBA contracts on three occasions,

starting on April 11, 2012, but the MDOC [Michigan Department of Corrections] refused their delivery, citing fraud concerns." (Doc. 1 at ID 10); and when Plaintiff avers that "National City Bank (PNC Bank, NA) and the Small Business Administration have breached their fiduciary responsibilities by approving a loan that he and his partner had no chance to successfully discharge[.]" (Doc. 1 at ID 10-11.) Reading the actual allegations against the SBA leads one to conclude that Plaintiff's claim against the SBA is one for breach of fiduciary duty; however, there is no such claim alleged in the list of causes of action in the Complaint. Plaintiff seeks "treble damages" (*id.*) and provides several pages of damages calculations. (Doc. 1 at 12-15.)

### D. Analysis and Conclusions

Defendant SBA contends that Plaintiff cannot use the SBA because it is protected by sovereign immunity and that even if Plaintiff's complaint were construed to include a Federal Tort Claims Act ("FTCA") claim, 28 U.S.C. § 2671-80, Plaintiff has not exhausted his administrative remedies and the limitation period has expired for him to do so. (Doc. 5.) Plaintiff argues that the court should deny Defendant's motion because he presented his claim by mailing the complaint to Defendant SBA or that the court should "dismiss the case without prejudice until defendant can specify the deficiencies of the 'failure to file an administrative claim,' and allow Plaintiff to respond to such deficiencies." (Doc. 8 at ID 45.) Defendant replies that Plaintiff has not met the presentment requirement under the FTCA because he has never filed a claim within the SBA as required by 28 U.S.C. § 2401(b), which states: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate agency within two years after such claim accrues." Since Plaintiff failed to file a tort claim with the SBA and is now far outside the two-year period, Defendant contends that exhaustion is not possible.(Doc. 9 at ID 53.) Plaintiff's sur-reply argues that he "has only been made aware of the possibility of a valid suit against the Defendant less than a year ago (due to the alleged fraudulent concealment), Plaintiff believes he still has time to comply with the administrative claim" although Plaintiff also

4

complains that his "Attorney-In-fact had researched the SBA website and no administrative claim form or procedure for filing such a claim exists." (Doc. 10 at ID 58.)

Whether Plaintiff's claim against the SBA sounds in breach of fiduciary duty or tortious interference, his claim is a tort and it must fail. 15 U.S.C. § 634(b) waives the sovereign immunity that the SBA might otherwise claim as a federal agency. However, where the cause of action sounds in tort, "only the Federal Tort Claims Act can potentially provide a cause of action against the United States and a waiver of the government's sovereign immunity." *Bohac v. Walsh*, 386 F.3d 859, 860 (8th Cir. 2004) (citing 28 U.S.C. § 2679(a) (exclusiveness of FTCA remedy)).

The FTCA provides a limited waiver of sovereign immunity making the United States liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). Under 28 U.S.C. § 2401(b), any claim must be presented to the federal agency within two years after such claim accrues. Although the time limitation is no longer viewed as jurisdictional, it must be complied with unless equitable tolling applies.[1] *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

Typically, a tort claim accrues "at the time of the plaintiff's injury." 28 U.S.C. § 2401(b). Most plaintiffs "will know 'enough of the critical facts of injury and causation to protect [themselves] by seeking legal advice' at the time of injury." *Amburgey v. United States*, , 637 (6th Cir. 2013) (citation omitted) (noting that medical malpractice cases present the different scenario where a plaintiff may not know enough about the cause of injury to be on inquiry notice until long after the injury). I suggest that this is not the type of case where the cause of injury would be elusive until a later date. In addition, Plaintiff has not alleged that he was unaware of his injury; rather, he contends that he did not realize he had a valid lawsuit. (Doc. 10 at ID 58.) Failing to

---

[1] I note that the waiver of sovereign immunity under 15 U.S.C. § 634(b) does not relieve a plaintiff of their obligation to exhaust administrative remedies as required by the FTCA. *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir. 1990).

5

recognize the potential viability of a legal claim is not coterminous with being unaware of the existence of an injury that could give rise to a claim. I therefore suggest that Plaintiff's claim accrued in 2006 or 2007.

Plaintiff has not pleaded facts to indicate that he presented an administrative claim to the SBA prior to filing suit. Plaintiff's statements concede that he has not exhausted his remedies, but he contends that he "has only been made aware of the possibility of a valid suit against the Defendant less than a year ago (due to the alleged fraudulent concealment)," or that he could not find forms on the SBA website to file such a claim. (Doc. 10 at ID 58.) Thus, it appears that Plaintiff is arguing that equitable tolling should be applied.

The following factors are used to determine whether equitable tolling is appropriate:(1) lack of notice of requirement to file suit; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014). "'It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Id.* (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Plaintiff has presented only ignorance of the law to excuse his failure to exhaust and he has not argued any facts showing any diligence. I therefore suggest that equitable tolling is inappropriate in this case.

For all the above reasons, I suggest that Defendant SBA's motion to dismiss should be granted.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also*

28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 7, 2015                                        S/ PATRICIA T. MORRIS
                                                                                     Patricia T. Morris
                                                                                     United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent to Roger Lee Kelly 748808 at Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

Date: August 7, 2015                                        By s/Kristen Krawczyk
                                                                                                               Case Manager to Magistrate Judge Morris