UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER LEE KELLY, #748808,

        Plaintiff,                    Case No. 15-cv-10721

v.                                        Honorable Thomas L. Ludington

PNC BANK, NA, et al.,

        Defendants.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DISMISSING COMPLAINT AS TO DEFENDANT SMALL BUSINESS ADMINISTRATION**

On December 1, 2014, Plaintiff Roger Lee Kelly filed a pro se complaint against Defendants PNC Bank, NA; the PNC Financial Services Group, Inc.; the Small Business Administration ("SBA"); and Paul F. Beggs in the State of Michigan Circuit Court for the County of Saginaw. Defendant SBA removed the case to federal court on February 26, 2015.[1] The case was referred to Magistrate Judge Patricia T. Morris for general case management.

On March 24, 2015, Defendant SBA filed a motion to dismiss. It argued that Kelly had not pled facts sufficient to overcome the SBA's sovereign immunity as a government agency and, even if he had, he did not exhaust his administrative remedies and is past the limitations period for doing so. Judge Morris issued a Report on August 7, 2015 recommending that the SBA's motion to dismiss be granted and Kelly's complaint dismissed as to the SBA. Kelly

---

[1] The PNC Defendants eventually entered appearances in federal court following removal. Paul F. Beggs has not had an appearance entered on his behalf and has not answered or otherwise moved in response to Kelly's complaint. There is at least some evidence that service was improperly effected by Kelly, *see* ECF Nos. 2 & 4. Nevertheless, Defendant Beggs is not an active party.

timely filed objections to the Report, of which he made five. Those objections are now under consideration.

**I.**[2]

On December 19, 2005, Plaintiff Roger Kelly and his business partner James Oczepek secured a loan from the Small Business Administration that was underwritten by National City Bank.[3] The two used the funds from the loan to purchase a convenience store. Only a few months later, the venture collapsed. Mr. Oczepek sought to withdraw from the venture, claiming it was losing money. Kelly accused Mr. Oczepek of embezzling from the store and removing money from the joint bank account. Each of them tried to have Mr. Oczepek removed from the line of credit, but for different reasons.

In an attempt to exclude Mr. Oczepek from the joint line of credit, Kelly worked to establish a new line of credit. He placed a personal credit card as collateral against the line of credit. Kelly's debt mounted and, on the brink of bankruptcy, he attempted to avoid foreclosure but was unsuccessful.[4] As the difficulties Kelly was facing increased, his relationship with Mr. Oczepek grew more hostile. Eventually, the two got into a physical confrontation that resulted in Mr. Oczepek's death. Kelly is currently incarcerated as a result.

Kelly has sued PNC Financial Services and PNC Bank as successors to National City Bank. He has also sued the SBA. He claims that they "have breached their fiduciary responsibilities by approving a loan that he and his partner had no chance to successfully

---

[2] The facts as conveyed here are assembled out of Kelly's complaint and a statement of facts he attached to his objections. To the extent they contain inaccuracies or inconsistencies, they are the result of taking the facts as he presented them as true.

[3] National City Bank was acquired by PNC Financial Services in 2008, hence PNC's involvement in this suit.

[4] Kelly does not explain whether his residence, another piece of real property, or the convenience store would be foreclosed on.

discharge." ECF No. 1 at 10. Further, National City Bank "intentionally misled him, breached its contract with him and sent him into a state of bankruptcy when it (through its loan officers), offered partner Oczepek a way out" of the loan. *Id*. at 11.

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

### B.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*,

517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.

Kelly makes five objections to Judge Morris's Report. They will be considered in turn. All of them raise the existence of facts in the record that, construed liberally, appear to support a claim that he was diligently pursuing his rights and attempting to figure out what sort of harm SBA had caused him. Two of his objections (Nos. 1 & 2) argue that his lawyer did not tell him that he had to file suit within the two year statute of limitations period and that other lawyers he contacted mentioned this requirement. It is well settled that a lack of knowledge of the law and legal process is not enough to warrant equitable tolling of the statute of limitations. *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014). Kelly's claims about his attorney and the attorneys he consulted do not equitably toll the statute of limitations period.

Kelly next claims (in objection No. 3) that he was in fact diligent in pursuing his rights. He cites to a series of letters sent to attorneys, legal services providers, PNC Bank, and the Saginaw County Register of Deeds. An action against the SBA must be presented to the agency within two years after the claim accrues. 28 U.S.C. § 2401(b). "Typically, a tort claim accrues under 28 U.S.C. § 2401(b) 'at the time of the plaintiff's injury.'" *Amburgey v. United States*, 733 F.3d 633, 637 (6th Cir. 2013) (quoting *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

Kelly does not object to the Report's conclusion that his claim accrued in 2006 or 2007.[5] The Report does not specify why these dates are most appropriate but it is most likely because that is when Kelly realized he could not service the line of credit extended to him by PNC Bank and the SBA. Based on Kelly's representations in the attachments to his objections, it could even be said that he was aware of his inability to service this line of credit at the time it was extended on December 19, 2005. If so, that is when his claim accrued. At the latest, his claim accrued in 2007, meaning the statute of limitations on his suit against the SBA ran in 2009.

All of the letters he cites to were sent outside of the limitations period. Even if they were evidence of diligently pursuing his rights, they do not evidence him pursuing his rights diligently against the SBA. Nowhere in his letters to attorneys or to legal services providers does he mention that the SBA has done anything wrong. In fact, he hardly mentions the SBA in any of the correspondences except to note that he secures a loan through an SBA program.

Fourth, Kelly objects to say that the SBA is not prejudiced by the delay in him filing this action against it. Assuming, without deciding, that the SBA is not prejudiced, that is but one element of the equitable tolling inquiry. Kelly's inability to meet the other requirements to benefit from equitable tolling means this objection, meritless or not, is moot. Nevertheless, the SBA would be prejudiced by a nearly ten-year delay in filing from the time Kelly's cause of action accrued.

Lastly, Kelly objects that every lawyer and legal services provider he contacted denied him representation or assistance, or misinformed him about the proper statute of limitations or the need to file an administrative claim with the SBA. This objection is indistinguishable from his first two objections, except in that he claims the poor advice came from lawyers he had not

---

[5] He also does not object to the Report's conclusion that his claim against the SBA sounds in tort.

retained. It is also indistinguishable from his third objection to the extent it attempts to show diligent pursuit of his rights.

Kelly's objections are without merit and will be overruled.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Roger Lee Kelly's Objections, ECF No. 14, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 13, is **ADOPTED**.

It is further **ORDERED** that Defendant Small Business Administration's Motion to Dismiss, ECF No. 5, is **GRANTED**.

It is further **ORDERED** that Plaintiff Roger Lee Kelly's Complaint, ECF No. 1, is **DISMISSED as to Defendant Small Business Administration**.

Dated: February 16, 2016          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 16, 2016.

s/Johnetta Curry
JOHNETTA CURRY
Acting Case Manager

---