UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER L. KELLY,

    *Plaintiff*,

CASE NO. 15-cv-10721

v.

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

PNC BANK, N.A.; THE PNC
FINANCIAL SERVICES GROUP, INC.;
and PAUL F. BEGGS,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION TO DISMISS (Doc. 17) AND MOTION TO STAY (Doc. 21)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that defendant PNC Bank, National Association's motion to dismiss (Doc. 17) be **GRANTED**, and that Kelly's motion to stay (Doc. 21) be **DENIED AS MOOT**.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Roger L. Kelly initially filed his *pro se* complaint in the Saginaw County Circuit Court, but the case was removed to this federal court on February 26, 2015. (Doc. 1). On March 25, 2015, the case was referred to the undersigned magistrate judge for all pretrial matters. (Doc. 6). On March 24, 2015, the Small Business Administration filed a motion to dismiss (Doc. 5); on August 7, 2015, I recommended that motion be granted (Doc. 13); on February 16, 2016, District Judge Ludington adopted that recommendation (Doc. 24). Defendant PNC Bank, National Association ("PNC") filed a motion to dismiss on October 19,

2015. (Doc. 17). Kelly responded, and PNC replied. (Docs. 19, 20). On November 30, 2015, Kelly moved to stay proceedings in this matter (Doc. 21). PNC responded, and Kelly replied. (Docs. 22, 23). Both motions are now ready for report and recommendation.

### B. Motion Standards

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). When a

plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

    C.    **Complaint**

The Complaint alleges that Mr. Oczepek approached Plaintiff about buying a convenience store together, with Plaintiff providing the monetary funds that Mr. Oczepek lacked. (Doc. 1 at ID 6). Plaintiff and his wife signed a loan contract with National City, through an SBA program, to obtain funds to use for purchasing the convenience store. (*Id*. at ID 7). The loan used Plaintiff and his wife's home as collateral, and a $15,000 line of credit was extended to Plaintiff through the SBA. (*Id*. at ID 9). A few months later, Mr. Oczepek "became disillusioned and requested that National City release him from his mortgage responsibilities." (*Id.*). According to Plaintiff, loan officers secretly told Mr. Oczepek that he could be "released [from his obligation] if he paid off ½ of one of the loans ($40,000)." (*Id*. at ID 7). Mr. Oczepek then removed money from a jointly held bank account to attempt to make this payment over Plaintiff's protests with Defendant National City to close the account, loan Plaintiff enough money to buy out Mr. Oczepek, or accept another property in an effort to avoid foreclosure on Plaintiff's home. (*Id*. at ID 7-8). Plaintiff was driven to "desperate actions," and a "physical fight instigated by Mr. Oczepek led to his death." (*Id*. at ID 8).

The Complaint sets forth the following claims: (1) breach of contract; (2) tortious interference with an existing contractual relation; (3) tortious interference with a business relationship; (4) conspiracy to injure business relations; (5) conspiracy to interfere with, or

3

procure breach of contract; and (6) civil conspiracy, referencing only Defendant PNC Bank, N.A. (Doc. 1 at ID 6). Plaintiff's factual averments reference "Frank Kuczak," "James Oczepek," "Lasalle Bank," "Chemical bank," "National City Bank," "Connie Tripp," Angela Hales," and "Cynthia Phares." (*Id*. at ID 6-8). Plaintiff then lists "incidents of tortious conduct by defendants, independent of the breach of contract." (*Id*. at ID 8-10). National Bank (acquired by PNC in 2008) is alleged to have failed to review the earnings of the prior owner of the convenience store, negligently or recklessly "approved the soundness of the building" which Kelly purchased, eliminated the . . . usefulness" of one of Kelly's credit lines, and failed to mitigate losses after being notified that Kelly was going to default on his loans, breached the contract, breached its fiduciary duties as a lender, conspired to defraud him, and engaged in fraudulent concealment. (*Id*. at ID 6-8).

### D. Analysis and Conclusions

PNC argues in its motion to dismiss that Kelly's complaint fails because all of his claims are barred by the applicable statutes of limitations. (Doc. 17 at 5-16). Michigan law provides for the following statutory limitation periods:

- Contract claims – six years – MCL § 600.5807(8)
- Fraud claims – six years – MCL § 600.5813
- Tort claims – three years – MCL § 600.5805(10)

Kelly's allegation that PNC had private knowledge that his business venture would be unprofitable, failed to properly evaluate the integrity of the building he purchased, negatively impacted his credit line, did not mitigate losses upon his default, breached the contract, violated its fiduciary responsibilities, misled him, committed fraud, and violated the rules set forth by the comptroller of the currency all appear to fall outside these limitations periods.

(Doc. 1 at 1-6). Kelly's factual allegations terminate with the murder of Mr. Oczepek, which occurred in January 2007. (*Id*. at 3); Offender Tracking Information System, Roger Lee Kelly, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=748808, last accessed March 15, 2016. Kelly's complaint was filed in December 2014. (Doc. 1 at Notice of Removal). Kelly thus waited nearly eight years to file this action against PNC, far in excess of the longest statute of limitations governing any of his claims.

Kelly recognizes in his complaint that his action may not be timely, but argues that the defendants, apparently including PNC, engaged in fraudulent concealment, thus the statute of limitations should be tolled. (Doc. 1 at ID 10). Kelly asserts no facts which could support a finding that any defendant engaged in fraudulent concealment, and has failed to bolster this argument in his subsequent pleadings. This legal conclusion, devoid of any factual support which could lend plausibility to Kelly' assertion, should be discarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

Kelly does not dispute in his response that his claims are barred by the relevant statutes of limitations. (Doc. 19 at 2). Kelly's response focuses on his failure to exhaust administrative remedies, apparently not understanding that exhaustion was an issue only with relation to the SBA, and not with his claims against PNC. (*Id*.). However, Kelly asserts that he was "unaware of, due to attorney incompetence / negligence / fraud / etc., the Exhaustion of Administrative Remedies requirement for federal agencies" due to the action or inaction of his trial attorney, Paul F. Beggs (*Id*.). Interpreting this assertion charitably, Kelly might be viewed as asserting that equitable tolling should apply to his claims against PNC. Equitable tolling is not

5

appropriate in this case. "[A]llegations of attorney misconduct do not serve to toll the running of the statutory period; his remedy for any such misconduct is a malpractice action." *See Burt v. Wayne Cty. Sheriff's Dep't*, 57 F.3d 1069 (6th Cir. 1995). Insofar as Kelly's pleadings might be interpreted as asserting that he was ignorant of the relevant statutes of limitations, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Having found that all of Kelly's claims against PNC are barred by the relevant statutes of limitations, the Court need not address PNC's other arguments in favor of dismissal.

Kelly's motion to stay proceedings (Doc. 21) should be denied as moot. Kelly asserts that he "requires discovery items to fully inform the court of (additional) charges against defendants, including PNC Bank, N.A." and requests that the Court stay proceedings "until he receives the discovery items from Defendant Paul F. Beggs," his former attorney. (*Id*. at 2). Staying proceedings would be fruitless because no amount of discovery could cure Kelly's statute of limitations deficiencies. As discussed above, even if Kelly's tardy filing of this action was the product of ineffective assistance of counsel, the relevant statutes of limitations would nevertheless bar his claims against PNC. Kelly has given no indication that he had any interaction with PNC whatsoever after the date of Oczepek's murder, thus even if he was able to generate new claims sounding in contract or tort against PNC, those claims would also be barred by the relevant statutes of limitations.

For the reasons set forth above, I **RECOMMEND** that PNC's motion to dismiss (Doc. 17) be **GRANTED**, and that Kelly's motion to stay (Doc. 21) be **DENIED AS MOOT**.

## III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 18, 2016                              S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge


# CERTIFICATION

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Roger Lee Kelly 748808 at Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

Date: March 18, 2016                               By s/Kristen Krawczyk
                                                   Case Manager

8