UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER LEE KELLY,

        Plaintiff,                         Case No. 15-cv-10721

v.                                            Honorable Thomas L. Ludington

PNC BANK, NA, et al.,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, GRANTING MOTION TO DISMISS, DENYING MOTION TO STAY, AND DENYING MOTION TO AMEND**

On December 1, 2014, Plaintiff Roger Lee Kelly filed a pro se complaint against Defendants PNC Bank, NA; the PNC Financial Services Group, Inc.; the Small Business Administration ("SBA"); and Paul F. Beggs in the State of Michigan Circuit Court for the County of Saginaw. Defendant SBA removed the case to federal court on February 26, 2015.[1] The case was referred to Magistrate Judge Patricia T. Morris for general case management.[2]

On October 18, 2015, Defendants PNC Bank, NA, and the PNC Financial Services Group, Inc. (collectively "PNC") filed a motion to dismiss. PNC argued that Kelly's claims are barred by the applicable statutes of limitations and Kelly has not pled facts sufficient to justify

---

[1] The PNC Defendants eventually entered appearances in federal court following removal. Paul F. Beggs has not had an appearance entered on his behalf and has not answered or otherwise moved in response to Kelly's complaint. There is at least some evidence that service was improperly effected by Kelly, *see* ECF Nos. 2 & 4. Judge Morris directed the United States Marshal Service to serve Beggs on April 11, 2016. ECF No. 31. A certificate of service was docketed on April 22, 2016. ECF No. 37. Attorney Beggs appeared in this case on May 18, 2016. ECF No. 39.

[2] On March 24, 2015, Defendant SBA filed a motion to dismiss. It argued that Kelly had not pled facts sufficient to overcome the SBA's sovereign immunity as a government agency and, even if he had, he did not exhaust his administrative remedies and is past the limitations period for doing so. Judge Morris issued a Report on August 7, 2015 recommending that the SBA's motion to dismiss be granted and Kelly's complaint dismissed as to the SBA. Kelly timely filed objections to the Report, of which he made five. Kelly's objections were overruled and Judge Morris's Report was adopted on February 16, 2016. ECF No. 24. SBA was dismissed from the case.

tolling or extending those limitations periods. Judge Morris issued a Report on March 18, 2016 recommending that PNC's motion to dismiss be granted and Kelly's complaint dismissed as to PNC. Kelly timely filed objections to the Report, of which he made three.[3] Those objections are now under consideration.

**I.**[4]

On December 19, 2005, Plaintiff Roger Kelly and his business partner James Oczepek secured a loan from the Small Business Administration that was underwritten by National City Bank.[5] The two used the funds from the loan to purchase a convenience store. Only a few months later, the venture collapsed. Mr. Oczepek sought to withdraw from the venture, claiming it was losing money. Kelly accused Mr. Oczepek of embezzling from the store and removing money from the joint bank account. Each of them tried to have Mr. Oczepek removed from the line of credit, but for different reasons.

In an attempt to exclude Mr. Oczepek from the joint line of credit, Kelly worked to establish a new line of credit. He placed a personal credit card as collateral against the line of credit. Kelly's debt mounted and, on the brink of bankruptcy, he attempted to avoid foreclosure but was unsuccessful.[6] As the difficulties Kelly was facing increased, his relationship with Mr.

---

[3] Jude Morris also directed Kelly to show cause why his claims against Defendant Beggs should not be dismissed for want of prosecution. Kelly filed his response to that order on April 4, 2016. See Resp. to Order Show Cause, ECF No. 29. Included in the packet of documents Kelly filed that day were his objections to Judge Morris's Report. They were docketed by the Clerk of Court as one document. Kelly's objections, despite being included with his response to the order to show cause, were otherwise timely filed.

[4] The facts as conveyed here are assembled out of Kelly's complaint and a statement of facts he attached to a prior set of objections. To the extent they contain inaccuracies or inconsistencies, they are the result of taking the facts as he presented them as true.

[5] National City Bank was acquired by PNC Financial Services in 2008, hence PNC's involvement in this suit.

[6] Kelly does not explain whether his residence, another piece of real property, or the convenience store would be foreclosed on.

Oczepek grew more hostile. Eventually, the two got into a physical confrontation that resulted in Mr. Oczepek's death. Kelly is currently incarcerated as a result.

Kelly has sued PNC Financial Services and PNC Bank as successors to National City Bank. He has also sued the SBA. He claims that they "have breached their fiduciary responsibilities by approving a loan that he and his partner had no chance to successfully discharge." ECF No. 1 at 10. Further, National City Bank "intentionally misled him, breached its contract with him and sent him into a state of bankruptcy when it (through its loan officers), offered partner Oczepek a way out" of the loan. *Id*. at 11.

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

### B.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.

Kelly makes three objections to Judge Morris's Report. First, he argues that the Report erred in concluding that he has not offered evidence of fraudulent concealment by Defendant PNC. Second, he argues that his former attorney, Defendant Beggs, may provide evidence substantiating the fact that PNC engaged in fraudulent concealment. Third, he claims that the Report erred by concluding that Kelly had no "interaction with PNC whatsoever after the date of Oczepek's murder." Rep. & Rec. 6, ECF No. 26.

All three objections are predicated on the same argument by Kelly: the statute of limitations does not bar his claims against PNC because of fraudulent concealment on PNC's part. Kelly has pled no facts, and has not argued in his objections that he has pled facts consistent with fraudulent concealment sufficient to toll the statute of limitations. Kelly has attached to his

- 4 -

objections a copy of an amended complaint filed in Saginaw County Circuit Court on December 18, 2015. He claims in his objections that this amended complaint provides evidence (at least for purposes of Rule 12(b)(6)) of fraudulent concealment by PNC. But this amended complaint is not part of the pleadings in this case and Kelly has not attempted to amend his pleadings to include any of these allegations. Indeed, Kelly has attempted to amend his pleadings, see Addendum to Am. Compl., ECF No. 27, but did not use that opportunity to incorporate any allegations that PNC engaged in fraudulent concealment. Although Kelly is pro se and his pleadings should be construed liberally, an amended complaint filed in an unrelated state court action does not stand in for pleadings in this case, particularly when it is first brought to the Court's attention as an addendum to objections to a report and recommendation.

But even if those allegations in Kelly's state amended complaint were considered, he still cannot demonstrate fraudulent concealment sufficient to overcome the statute of limitations. All of the allegations in Kelly's state court amended complaint that he claims show fraudulent concealment are nothing more than conclusory allegations of fraud. *See, e.g.*, State Am. Compl. ¶¶ 55–62, ECF No. 29. The closest Kelly gets to alleging fraudulent concealment is his claim that "the statement or representation made by National City Bank's loan manager Connie Tripp, that both loan applicants were required to collateralize their homes for approval of the SBA loan, was deceptive or misleading, as evidenced by the lack of a recorded mortgage for Oczepek's home." Id. at ¶ 55. Yet, this claim does not bear any immediately apparent relevant relation to the core of Kelly's claims in this case: that Oczepek was permitted to withdraw from the loan he and Kelly secured for their poorly performing business. The claim may provide background for how Oczepek was seemingly able to withdraw from the loan agreement (because he did not have any collateral at risk). The claim does not, however, substantiate an allegation that PNC

"concealed the conduct that constitutes [Kelly's] cause of action" or that PNC's alleged "concealment prevented [Kelly] from discovering the cause of action within the limitations period." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009) (also explaining that plaintiffs must demonstrate that "until discovery, [they] exercised due diligence in trying to find out about the cause of action). Both showings are necessary for Kelly to overcome the statute of limitations bar to his claims.

Finally, Kelly also requested a stay of proceedings. See Mot. Stay, ECF No. 21. Judge Morris recommended denying the motion because "no amount of discovery could cure Kelly's statute of limitations deficiencies." Rep. & Rec. 6, ECF No. 26. Kelly did not specifically object to this recommendation. It will be adopted.

In any event, Kelly's request for a stay borders on nonsensical and appears to be directed at events occurring in a different case. It warrants denial.

Kelly cannot demonstrate any justification for tolling the statute of limitations as to any of his claims against PNC. Kelly's objections will be overruled.

### IV.

The day before Judge Morris filed her Report, Kelly filed an "addendum to amended complaint." *See* Addendum to Am. Compl., ECF No. 27. The addendum was not docketed until after the Report was filed. The addendum is properly construed as a motion to amend Kelly's complaint. The addendum only attempts to remedy Kelly's complaint's lack of allegations that PNC breached a contractual agreement between it and Kelly. It does not contain any allegations that would surmount the statute of limitations issue that Kelly faces. Kelly's motion to amend will be denied.

### V.

Accordingly, it is **ORDERED** that the Report and Recommendation, ECF No. 26, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Roger Kelly's Objections, ECF No. 29, are **OVERRULED**.

It is further **ORDERED** that Defendants PNC Bank, NA and PNC Financial Services Group, Inc.'s Motion to Dismiss, ECF No. 17, is **GRANTED**.

It is further **ORDERED** that Plaintiff Roger Kelly's Motion to Stay, ECF No. 21, is **DENIED**.

It is further **ORDERED** that Plaintiff Roger Kelly's Motion to Amend, ECF No. 27, is **DENIED**.

Dated: May 19, 2016  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2016.

s/Richard Loury for Michael A. Sian
Case Manager