UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER LEE KELLY,

               Plaintiff,               Case No. 15-cv-10721

v.                                                 Honorable Thomas L. Ludington

PAUL F. BEGGS,

               Defendant.

_____/

**ORDER DENYING MOTIONS FOR RECONSIDERATION, DENYING MOTION TO PROCEED WITHOUT PREPAYING FEES OR COSTS ON APPEAL, AND DENYING MOTION FOR RECUSAL**

Plaintiff Roger Lee Kelly's pro se complaint against Defendants The PNC Financial Services Group, Inc., the Small Business Administration, and Paul F. Beggs was removed to this Court on February 26, 2015. ECF No. 1. Defendant Small Business Administration removed the case pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of a civil action involving "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 6. Every Defendant except Paul Beggs, Kelly's former criminal defense attorney, was subsequently dismissed from the case. ECF Nos. 24, 40. On September 8, 2016, Judge Morris issued a report and recommendation which concluded that there was not a continuing basis for federal jurisdiction and recommending that the Court remand the case to state court. ECF No. 75. On December 15, 2016, the Court issued an order which, among other things, agreed that Kelly's claims were better resolved in state court. ECF No. 81. The case was remanded on December 16, 2016. ECF No. 82.

On January 17, 2017, Kelly filed a motion for reconsideration challenging several aspects of the Court's jurisdictional analysis. ECF No. 86. He later filed a supplemental motion for reconsideration which expanded upon those arguments. ECF No. 89. Kelly separately requests that the Court give permission for him to proceed in forma pauperis on appeal, ECF No. 88, and requests that the Court recuse itself from the case, ECF No. 91. Because Kelly's motions do not identify a clear error in the Court's jurisdictional analysis or cause for recusal, they will be denied.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

**II.**

Kelly's initial motion for reconsideration argues that the case should not be remanded, first, because he is asserting federal constitutional claims and, second, because the state court is biased against him.[1]

Kelly argues that Defendant Beggs's "legal failures . . . led to the denial of federal constitutional rights to effective assistance of counsel." Mot. Reconsideration at 2, ECF No. 86. However, Sixth Amendment claims for ineffective assistance of counsel are not cognizable in a civil suit for damages. *See Hudson v. Smith*, No. 3:11-CV-00040, 2011 WL 161769, at *1 (M.D. Tenn. Jan. 19, 2011). Rather, the appropriate avenue for an ineffective assistance of counsel challenge is via habeas proceedings. *Taylor v. Oakland Cty. Circuit Court*, 831 F.2d 297 (6th Cir. 1987). Thus, even if Defendant Beggs's representation of Kelly in his criminal case was constitutionally defective, that claim cannot be advanced in the current action. Kelly's allegations regarding Beggs's alleged violations of the Sixth and Fourteenth Amendment do not give rise to federal jurisdiction.

Second, Kelly attempts to bolster his argument, previously rejected, that the state court has exhibited bias and prejudice against him. The Court previously explained that:

> Kelly has not offered specific examples of bias or prejudice, except to the extent that the state court rejected certain arguments. Kelly's claims against Beggs might have been previously dismissed for noncompliance with state court rules, but Kelly does not argue that he had actually complied with the rules, simply that the dismissal resulted in a "waste" of time. Kelly's lack of success before the state court is not evidence of bias or prejudice.

Dec. 15, 2016, Order at 6, ECF No. 81.

---

[1] Kelly also argues that the Court improperly characterized his proposed amended complaint as not being a "short and plain statement" as required by Federal Rule of Civil Procedure 8(a)(2). The document, ECF No. 68, speaks for itself.

Now, Kelly asserts that allegations are bias of premised on the state court's "violations of Michigan Court Rules, Michigan Compiled Laws, and Michigan Rules of Evidence." Mot. Reconsideration at 2. Kelly goes on to identify several specific errors he contends the state court made. In particular, he asserts that the state court improperly refused to allow Kelly to introduce character evidence under Michigan Rule of Evidence 404(a)(2) and improperly refused to allow several of Kelly's witnesses to testify. To the extent Kelly is seeking to appeal these purported errors, the Court does not have jurisdiction. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923). To the extent Kelly offers these purported errors as evidence of bias by the state court, the Court is unpersuaded. Even assuming for the sake of argument that the state court did commit errors below, Kelly has provided no evidence that the errors were malicious. Honest errors are not evidence of bias. Accordingly, Kelly has not demonstrated a palpable defect in the Court's jurisdictional analysis.

In his supplemental motion for reconsideration, Kelly argues that the Court should retain jurisdiction because the state court has dismissed his claim for failure to pay the filing fee. ECF No. 89. Kelly asserts that the Saginaw Regional Facility Prison's failure to credit his trust fund with a returned check in a timely manner resulted in the failure to pay the filing fee. Kelly attaches several opinions by the state court. In the most recent opinion, the state court explains that it denied Kelly's request to waive the filing fee on January 30, 2015. In the same order, the state court directed Kelly to pay the filing fee within 21 days of certification of the order.[2] Certified copies of the order were mailed to Kelly on February 4, 2015. Despite that order, Kelly had not resubmitted his pleadings or paid the filing fee by February 26, 2015, when the case was removed to this Court. The state court opinion thus reveals that Kelly's action was not properly

---

[2] The state court also explains that the 21 day period is provided by Mich. Comp. L. 600.2963(1) and does not authorize the state court to extend the time period.

initiated in the first place. Regardless of the reason for Kelly's failure to pay the filing fee, Kelly has not complied with state law governing the initiation of his suit. The removal of the action did nothing to legitimize the suit. The Court declines to exercise jurisdiction.

Kelly has also filed a motion requesting this Court to recuse itself. ECF No. 91. In the motion, Kelly reiterates the arguments made in his motions for reconsideration and asserts that the "foregoing actions amount to affirmative bias against Plaintiff displayed by the Court." Mot. Recusal at 4, ECF No. 91. Kelly is understandably frustrated with the remand and subsequent dismissal of his case. But lack of success on the merits is not, by itself, evidence of bias. As explained above, Kelly has not demonstrated an error in the Court's prior analysis. Because his action was properly remanded, the Court declines to recuse itself.

Finally, Kelly has filed a motion for leave to proceed without prepaying fees or costs on appeal. ECF No. 88, 90. Because any appeal would be frivolous, the Court declines to give Kelly leave to proceed in forma pauperis. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Kelly's motions for reconsideration, ECF Nos. 86, 89, are **DENIED.**

It is further **ORDERED** that Kelly's motion to proceed in forma pauperis on appeal, ECF No. 88, is **DENIED.**

It is further **ORDERED** that Kelly's motion for recusal, ECF No. 91, is **DENIED.**

Dated: April 13, 2017                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2017.

                                            s/Michael A. Sian
                                        MICHAEL A. SIAN, Case Manager